IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LEELAND DAVIS,
    Plaintiff,

v.

LG CHEM, LTD,
    Defendant.

Civil Action No.
1:19-cv-05234-SDG

ETHAN FULLERTON,
    Plaintiff,

v.

LG CHEM, LTD,
    Defendant.

Civil Action No.
1:20-cv-02653-SDG

## ORDER

This matter is before the Court on Defendant LG Chem, Ltd.'s motions to dismiss in *Davis v. LG Chem, Ltd.*, No. 1:19-cv-05234 (hereinafter *Davis*), ECF 7, and *Fullerton v. LG Chem, Ltd.*, No. 1:20-cv-02653 (hereinafter *Fullerton*), ECF 21. These cases are two of many brought against LG Chem, Ltd. (LG Chem) and LG Chem America, Inc. (LGCAI) in this district relating to the alleged explosion of Defendants' lithium ion batteries in e-cigarette or vaping devices.

Since LG Chem's motions to dismiss in these two cases present the same issues, the Court held oral argument for both on September 3, 2020 (the Hearing). After consideration of the parties' submissions and with the benefit of argument, the Court **GRANTS** LG Chem's motions.[1]

## I. Background

### a. Factual Background

Davis and Fullerton (Plaintiffs) are Oklahoma residents who were injured and treated in Oklahoma when the battery in their personal vaping device exploded in their pockets.[2] LG Chem is a Korean company that manufactures and sells lithium ion batteries, including the '18650' batteries at issue in these actions.[3] LGCAI is an indirect subsidiary of LG Chem.[4] LGCAI is a Delaware corporation with its principal place of business in Georgia.[5] This Court has subject matter

---

[1] Plaintiffs' motions to strike portions of the Hearing transcript are **DENIED**. *Davis*, ECF 49; *Fullerton*, ECF 35.

[2] *Davis*, ECF 1-1 (Compl.), ¶¶ 1, 20; *Fullerton*, ECF 1-2, at 2–10 (Compl.), ¶¶ 1, 20.

[3] *Davis*, ECF 1-1, ¶ 4.

[4] *Davis*, ECF 7-4, ¶ 12 ("[LGCAI] is a wholly-owned subsidiary of LG Chem Michigan, Inc., a Delaware corporation with its principal place of business in Holland, Michigan. LG Chem Michigan, Inc. is a wholly-owned subsidiary of LG Chem.")

[5] *Davis*, ECF 1-1, ¶ 3.

jurisdiction over the claims based on diversity of citizenship under 28 U.S.C. § 1332.

Davis originally filed suit in Oklahoma state court against LG Chem; Vape This, LLC (Vape This); HS Wholesale; and Shenzhen Yifang Technology Co., Ltd. (Shenzhen).[6] Davis purchased an "Eizfan" brand rechargeable battery for his vaping device at Vape This.[7] Vape This acquired the battery from Shenzhen, a Chinese company.[8] The Oklahoma State Court dismissed LG Chem from that action for lack of personal jurisdiction.[9]

Thereafter, Davis filed suit against LG Chem and LGCAI in State Court in Fulton County, Georgia.[10] LGCAI moved to dismiss, arguing that the claims

---

[6]   *Davis*, ECF 7-2 (First Am. Pet., *Davis v. Vape This, LLC, et al.*, No. CJ-2018-835 (Tulsa Cnty., Okla. May 1, 2018)). "Courts may take judicial notice of publicly filed documents, such as those in state court litigation, at the Rule 12(b)(6) stage." *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 812 (11th Cir. 2015) (citing Fed. R. Evid. 201 and *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013)).

[7]   *Davis*, ECF 7-1, at 3–4; *Davis*, ECF 7-2, ¶¶ 2, 5.

[8]   *Davis*, ECF 7-1, at 4; *Davis*, ECF 7-2, ¶ 7.

[9]   *Davis*, ECF 7-3 (Order, *Davis v. Vape This, LLC, et al.*, No. CJ-2018-835 (Tulsa Cnty., Okla. Apr. 1, 2019)).

[10]   *Davis*, ECF 1-1. The Court dismissed LGCAI from *Davis* on August 5, 2020. ECF 38.

against it were time-barred.[11] Thereafter, LG Chem removed the case to this Court based on diversity jurisdiction.[12]

Similarly, Fullerton originally filed his action in the State Court of Fulton County, Georgia, but the case was removed after Fullerton conceded that the claims against LGCAI were time-barred.[13] Fullerton separately filed an action in the District Court of Oklahoma against the retailers that sold him his vaping device.[14] In that action, Fullerton identified the battery as one manufactured by LG Chem but "re-wrapped" by an unidentified entity before being sold to the Oklahoma retailers.[15]

Plaintiffs allege strict liability and negligence claims against LG Chem due to the injuries caused when LG Chem's batteries exploded in their vaping devices. LG Chem moves to dismiss the actions based on lack of personal jurisdiction.

---

[11]   *Davis*, ECF 7-1, at 4.

[12]   *Davis*, ECF 1.

[13]   *Fullerton*, ECF 21-1, at 4–5. The *Fullerton* parties entered a joint stipulation of dismissal of LGCAI on June 26, 2020. ECF 11.

[14]   *Fullerton*, ECF 21-1, at 4; *see Fullerton*, ECF 21-2 (Pet., *Fullerton v. The Main Vapor, LLC et al.*, No. CJ-2018-221 (McClain Cnty., Okla. Oct. 26, 2018)).

[15]   *Fullerton*, ECF 21-1, at 4; *Fullerton*, ECF 21-2, ¶ 9.

II.    **Legal Standard**

"The plaintiff has the burden of establishing a prima facie case of personal jurisdiction over a nonresident defendant." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002) (citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988)). If the defendant then submits affidavits to the contrary that include more than conclusory assertions, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction. *Id.* "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Id.* (citing *Madara*, 916 F.2d at 1514).

The Supreme Court recognizes two types of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 137 S. Ct. 1773, 1779–80 (2017). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Wash. Office of Unemployment Comp. & Placement*, 326 U.S. 310, 317 (1945)). In contrast,

specific jurisdiction "depends on an affiliation between the forum and the underlying controversy." *Goodyear Dunlop Tires*, 64 U.S. at 919 (citation omitted).

Here, the Court need only consider whether specific jurisdiction exists because Plaintiffs do not allege that LG Chem is subject to general jurisdiction in this forum.[16] "A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257–58 (11th Cir. 2010) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). The Georgia long-arm statute "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process." *Diamond Crystal*, 593 F.3d at 1259 (interpreting *Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, Iowa*, 279 Ga. 672 (2005)).

To satisfy the Georgia long-arm statute, the plaintiff must show that personal jurisdiction is permitted under one of the express statutory bases,

---

[16] The Court clarified with Plaintiffs' counsel during oral argument that Plaintiffs' claims are limited to specific jurisdiction. ECF 48, at 22:10–12.

interpreted and applied literally. *Diamond Crystal*, 593 F.3d at 1259. Since the Court's application of the Georgia long arm statute is governed by state law, the Court "must interpret and apply Georgia's long arm statute in the same way as would the Georgia Supreme Court." *Id.* at 1258. To satisfy the due process requirement, the defendant must have "fair warning" that its activities in the forum may subject it to jurisdiction. *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985). The nonresident defendant must have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Int'l Shoe Co.*, 326 U.S. at 316).

## III.   Discussion[17]

### a.   Specific Jurisdiction

Relevant here, the Georgia long-arm statute provides:

> A court of this state may exercise personal jurisdiction over any nonresident or his or her executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she:

---

[17]   For ease of reference, the record cites for the remainder of this Order refer to the entries as recorded on the *Davis* docket, unless otherwise noted.

> (1) Transacts any business within this state.

O.C.G.A. § 9-10-91.[18] Accordingly, in order to satisfy this subsection, Plaintiffs must show that (1) LG Chem transacted business within Georgia, and (2) their causes of actions arise out of such business transaction(s). *See Diamond Crystal*, 593 F.3d at 1264 ("Georgia's long-arm statute permits jurisdiction where a plaintiff's cause of action 'arises out of' a nonresident defendant's 'transact[ion] of any business within [Georgia].'") (quoting O.C.G.A. § 9-10-91(1)).

"Interpreted literally, 'transacts any business' requires that the 'nonresident defendant has purposefully done some act or consummated some transaction in [Georgia].'" *Id.* (quoting *Aero Toy Store, LLC v. Grieves*, 279 Ga. App. 515, 518 (2006)). The defendant need not physically enter the state to satisfy this requirement; "a nonresident's mail, telephone calls and other intangible acts,

---

[18]   ECF 14, at 6. During the Hearing, Plaintiffs' counsel referenced subsection (2) of the long-arm statute and claimed that LG Chem committed a tort in this state by selling defective products in Georgia. ECF 48, 28:24–29:12. Plaintiffs did not argue that this subsection applied in their opposition briefs. To the extent subsection (2) has been properly asserted as a basis of jurisdiction, the Court finds it does not apply. The alleged injuries occurred in Oklahoma. Plaintiffs have not provided any authority for the notion that a tort occurs anywhere the manufacturer sells the product. ECF 48, 29:09–12. Moreover, even if the tort could be said to occur at the point of sale, Plaintiffs do not assert that their batteries were sold in Georgia or that they were ever present in this state.

though occurring while the defendant is physically outside of Georgia, must be considered." *Id.* (citing *Innovative Clinical*, 279 Ga. at 675–76). Accordingly, the Court must "examine all of a nonresident's tangible and intangible conduct and ask whether it can fairly be said that the nonresident has transacted any business within Georgia." *Id.*

Plaintiffs argue that LG Chem transacts business in this state by shipping its lithium-ion batteries "to the state of Georgia or to other ports throughout the United States with the knowledge that said products will end up in the hands of Georgia companies and consumers."[19] Plaintiffs allege that those contacts are sufficiently related to the causes of action to confer specific jurisdiction.[20]

Plaintiffs have failed to show that LG Chem has engaged in any transactions within Georgia that are related to the events at issue in these actions. Plaintiffs are Oklahoma residents.[21] They purchased the batteries at issue in Oklahoma from Oklahoma retailers.[22] Plaintiffs were injured in Oklahoma.[23] There are no allegations that the relevant batteries ever came through Georgia. In *Davis*, it is

---

[19]   ECF 14, at 6–7.

[20]   *Id.* at 7.

[21]   ECF 1-1, ¶ 1; *Fullerton*, ECF 1-2, ¶ 1.

[22]   ECF 7-2, ¶¶ 1, 4; *Fullerton*, ECF 21-2, ¶¶ 1, 4–5.

[23]   ECF 1-1, ¶ 20; *Fullerton*, ECF 1-2, ¶ 20.

undisputed that the battery was re-wrapped in an "Eizfan" wrap after being sold by LG Chem and a Chinese wholesaler sold the subject battery to the Oklahoma retailer.[24] The identity of the wholesaler in *Fullerton* is unknown, but it is undisputed that the battery was re-wrapped and sold to the Oklahoma retailer by someone other than LG Chem or LGCAI.[25] There is no evidence connecting these actions to Georgia.

Nor do the cases cited by Plaintiffs, *Value Engineering Company v. Gisell*, 140 Ga. App. 44 (1976) and *McDonnell v. Roy E. Beatty & Associates*, 203 Ga. App. 807 (1992), support jurisdiction. Those cases are inapposite as they address the propriety of jurisdiction based on tortious conduct, not transacting business. Additionally, even if they were applicable, neither case supports Plaintiffs' position.

In *Value Engineering*, the Virginia corporate defendant shipped radioactive material to Louisiana that was routed through Atlanta, Georgia. 140 Ga. App. at 45. The Georgia Court of Appeals found that jurisdiction existed because "the appellant allegedly negligently packed radioactive material on a journey through interstate commerce with knowledge from the bill of lading that it would be routed

---

24   ECF 7-2, ¶¶ 5, 7.

25   *Fullerton*, ECF 21-2, ¶ 9; ECF 48 (Hr'g Tr.), 22:13–17.

through Atlanta." *Id.* at 47. The court emphasized the "affirmative action" taken by the nonresident defendant that resulted in the introduction of a dangerous material into the state and the alleged injury of a resident. *Id.* at 47–48.

In *McDonnell*, a plane crashed soon after takeoff from an airport in Georgia. 203 Ga. App. at 807. The surviving children of the passengers sued the defendant, a Florida corporation. *Id.* However, the defendant had no connection to Georgia and had leased the plane to the decedents' company, which was also based in Florida. *Id.* The Georgia Court of Appeals held that it did not have personal jurisdiction over the matter. As in *Value Engineering*, the appellate court emphasized that affirmative actions directed toward this state must be taken by the defendant; unilateral acts taken by other parties are not sufficient to support long-arm jurisdiction, even when the injury occurs in Georgia. *Id.* at 810.

In distinguishing the case before it from *Value Engineering*, the *McDonnell* court explained:

> In *Value Engineering*, the nonresident defendant "took affirmative action in introducing an allegedly defective and dangerous article into the stream of commerce" by shipping the goods via a bill of lading indicating that they would be routed through Georgia. In this case, however, the plane ended up in Georgia through no affirmative action of the defendant. The plane was not transported into Georgia by the defendant on its way to delivery to a customer in another state. Consequently,

> we agree with the trial court that jurisdiction cannot be
> imposed.

*Id.* at 811 (citations omitted).

Here, there were no affirmative actions taken by LG Chem that resulted in an injury in Georgia. Nor are there allegations of any affirmative actions taken by LG Chem in Georgia that led to the injuries Plaintiffs purportedly suffered in Oklahoma. There is, quite simply, no connection between these actions and the State of Georgia. Therefore, Plaintiffs cannot satisfy the Georgia long-arm statute's requirement that the cause of action arise from the nonresident defendant's conduct within the state. *See Pratt & Whitney Canada, Inc. v. Sanders*, 218 Ga. App. 1, 1–2 (1995) ("The controlling facts of this case are clear: plaintiffs are not Georgia residents; the plane did not crash in Georgia; and the defendant . . . is not a Georgia corporation. Under these facts, Georgia law does not authorize the exercise of jurisdiction.").

"Because the exercise of personal jurisdiction is not appropriate under Georgia's long-arm statute, it is unnecessary to analyze whether the exercise of jurisdiction would be consistent with procedural due process under the Fourteenth Amendment." *Empirical Regent, LLC v. Sunny Design & Bus. Consulting, LLC*, No. 1:19-CV-3253-MHC, 2020 WL 4557564, at *12 (N.D. Ga. Feb. 25, 2020).

The Court finds that LG Chem is not subject to personal jurisdiction in these actions.

### b.    Motions to Strike

Plaintiffs move to strike portions of the Hearing transcript related to defense counsel's argument during the Hearing that the Fourteenth Amendment (not the Fifth Amendment) applies to the personal jurisdiction Due Process Clause analysis in diversity actions.[26] A motion to strike is only appropriate with regard to a pleading, so Plaintiffs' motions are improper. Fed. R. Civ. P. 12(f). Plaintiffs have provided no authority demonstrating that it would be appropriate for the Court to alter the record in this case. Additionally, even if a motion to strike were an appropriate vehicle for what Plaintiffs request, nothing in defense counsel's argument warrants that it be stricken. Plaintiffs' motions to strike are therefore **DENIED**.

## IV.    Jurisdictional Discovery

"The right to jurisdictional discovery is a qualified one, available 'when a court's jurisdiction is genuinely in dispute.'" *Wolf v. Celebrity Cruises, Inc.*, 683

---

[26]    ECF 49. Despite that the final version of the transcript was filed on the docket prior to Plaintiffs' motion, Plaintiffs move to strike page 47, lines 3–14 of the rough draft. That portion of the transcript is represented on page 51, lines 12–24 in the final version of the transcript. ECF 48, at 51:12–24.

F. App'x 786, 792 (11th Cir. 2017) (quoting *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 730 (11th Cir. 1982)). "The purpose of jurisdictional discovery is to ascertain the truth of the allegations or facts underlying the assertion of personal jurisdiction. It is not a vehicle for a 'fishing expedition in hopes that discovery will sustain the exercise of personal jurisdiction.'" *Atlantis Hydroponics, Inc. v. Int'l Growers Supply, Inc.*, 915 F. Supp. 2d 1365, 1380 (N.D. Ga. 2013) (quoting *Parker v. Brush Wellman, Inc.*, 377 F. Supp. 2d 1290, 1305 (N.D. Ga. 2005)). If the evidence that the plaintiff anticipates it will discover would still fail to make out a *prima facie* case of personal jurisdiction, allowing jurisdictional discovery would be "inappropriate and ineffective." *Vogt v. Greenmarine Holding, LLC*, No. 1:01–cv–0311–JOF, 2002 WL 534542, at *7 (N.D. Ga. Feb. 20, 2002).

Plaintiffs' counsel stated during the Hearing that discovery in these actions "would only establish [LG Chem's] contacts with the [S]tate of Georgia. It will not establish that the battery that exploded in Oklahoma came through [LG Chem's] Georgia distributor."[27] However, Plaintiffs do not assert that LG Chem is subject to general jurisdiction in Georgia and LG Chem's unrelated contacts with the state cannot rectify the lack of specific jurisdiction in these actions. In particular, the

---

[27]   ECF 48, at 43:19–22.

proposed discovery would not show that the actions arise out of LG Chem's business transactions within the state, as required by the Georgia long-arm statute. Accordingly, Plaintiffs are not entitled to jurisdictional discovery.

## V.   Conclusion

LG Chem's motions to dismiss for lack of personal jurisdiction [*Davis*, ECF 7; *Fullerton*, ECF 21] are **GRANTED**. Plaintiffs' request for jurisdictional discovery is **DENIED**. Plaintiffs' motions to strike portions of the Hearing transcript [*Davis*, ECF 49; *Fullerton*, ECF 35] are **DENIED**.

The Clerk is **DIRECTED** to dismiss and close both actions.

**SO ORDERED** this the 28th day of September 2020.

Steven D. Grimberg
United States District Court Judge